**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DISTRICT**

| | | | |
|---|---|---|---|
| FRED T. GHEEN, | * | | |
| Appellant, | * | | |
| v. | * | Civil Action No. AW-06-3451 | |
| EULAR DENISE OWENS, | * | | |
| Appellee. | * | | |
| | **** | | |

**MEMORANDUM OPINION**

Fred T. Gheen ("Gheen" or "Appellant") appeals from a decision in the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court"). In the Bankruptcy Court, Judge Paul Mannes found that Eular Denise Owens ("Owens" or "Appellee") had not received consideration for a promissory note, limiting Gheen's recovery on a judgment lien. Gheen appeals from this decision [3]. Subsequently, Owens filed a cross-appeal, arguing that the promissory note was facially void as a violation of Maryland statutory law [4]. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will AFFIRM the decision of the Bankruptcy Court and DENY the relief requested in Appellee's cross-appeal.

**FACTUAL & PROCEDURAL BACKGROUND**

Gheen alleges that Owens, through debts accumulated by her husband, owed Gheen over $80,000. Owens signed a promissory note with a confessed judgment clause binding her to pay the alleged debt on December 1, 2003, in order to reach settlement on her residence in Maryland. She claims that she signed the note because she had already arranged to make the property her home, and

1

would have been left homeless if Gheen had refused to settle.

Owens filed for Chapter 13 Bankruptcy on March 25, 2005. Sometime after Owens declared bankruptcy, Gheen filed a proof of claim for over $80,000 against Owens. On July 20, 2005, Owens filed for an adversarial proceeding in Bankruptcy Court seeking to determine the status of Gheen's claim, to avoid his lien on her residence, and to determine the validity of the debt. On November 30, 2006, Judge Mannes issued a Memorandum of Decision and an Order on Complaint to Determine Secured Status, Validity of Lien or Avoid Judgment Lien finding that Owens owed Gheen only $1,100, and that the promissory note was void. Gheen then filed a timely appeal to the Order. Subsequently, Owens filed a cross-appeal. The appeal and cross-appeal are ripe and now ready for the Court's review.

## STANDARD OF REVIEW

On appeal from bankruptcy court, a district court acts as an appellate court for final judgments, orders, and decrees. 28 U.S.C. § 158(a)(1). The Court reviews a bankruptcy court's findings of fact for clear error. *See Fairchild Dornier GMBH v. Official Comm. Of Unsecured Creditors (In re Dornier Aviation (N. Am.), Inc.)*, 453 F.3d 225, 231 (4th Cir. 2006) (citing *In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992)). "A finding is clearly erroneous if no evidence in the record supports it or 'when, even though there is some evidence to support the finding, the reviewing court, on review of the record, is left with a definite and firm conviction that a mistake has been made in the finding.'" *Consolidation Coal Co. v. Local 1643, United Mine Workers*, 48 F.3d 125, 128 (4th Cir. 1995) (quoting *Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1526 (4th Cir. 1984)). The clearly erroneous standard does not protect findings based upon the application of incorrect legal standards. *Id.* Conclusions of law are reviewed *de novo*. *Fairchild Dornier GMBH*, 453 F.3d

at 231.

**ANALYSIS**

**I.      Whether the Bankruptcy Court's factual determinations were clearly erroneous.**

Appellant asks the Court to declare the Bankruptcy Court's factual determinations clearly erroneous. The Court cannot make such a declaration unless (1) there was no evidence in the record to support the lower court's decision, or (2) the Court is left with a definite conviction that a mistake had been made in the finding. *Consolidation Coal Co.*, 48 F.3d at 128. The Court concurs with the Bankruptcy Court's finding that the record in this case is deplorable. *Owens v. Gheen (In re Owens)*, No. 05-16822PM, 2006 WL 4481998, *1 (Bkrtcy. D. Md. Nov. 30, 2006). Since the general ledgers are unintelligible the Court cannot discern what benefit Appellee is supposed to have received for the charges upon which Appellant bases his claim. *Id*. at *3. The Court believes that Judge Mannes's decision was well reasoned, and that he deciphered the record as much as was possible in this case. In sum, the Bankruptcy Court's decision was based upon what little genuine evidence can be found in the record.

Appellant fails to direct the Court to any evidence suggesting that a mistake was made by the Bankruptcy Court. Appellant simply attempts to reargue the case; insisting that testimony favorable to the Appellant's case should have been given more weight than unfavorable testimony. *See*, *e.g.*, Appellant's Br. at 9, 11. The Court, in adherence to the strict standard of review for factual determinations, defers to the Bankruptcy Court's judgment as to the validity of testimony given during the Bankruptcy Suit.

Finally, Appellant tries to convince the Court that the Bankruptcy Court reached its findings based on the misapplication of legal standards. Appellant concedes that there was no consideration

provided to Owens, but argues that the consideration for the promissory note was given to Owen's husband. Appellant's Br. at 7. Maryland common law holds that a party may enter into a contract in exchange for consideration provided to a third party. *See McClellan v. McClellan*, 451 A.2d 334, 340 (Md. Ct. Spec. App. 1982) (citation omitted). The Court believes that the plain language of Judge Mannes's decision reveals that he believed there was no consideration beyond the $1,100, whether given to a third party or otherwise: "No other consideration can be imputed for [Owens] signing this obligation[.]" *Owens*, 2006 WL at *3. The Court is thoroughly unconvinced that any mistake was made by the Bankruptcy Court, or that any abuse of discretion occurred here. Therefore, the Court will DENY Appellant's appeal.

## II. Whether the Maryland Consumer Protection Act applied to Appellee.

On cross-appeal, Appellee argues that the Bankruptcy Court should have held the promissory note void because it violates the Maryland Consumer Protection Act, MD. CODE ANN., COM. LAW § 13-301 *et. seq.* (2007) ("CPA"). The plain language of the statute classifies a confessed judgment clause, like the one in this litigation, as an unfair and deceptive trade practice when employed in consumer loans. CPA § 13-301(12). During the bankruptcy suit, Judge Mannes refused to rule as to whether the loan in question could be classified as a consumer loan for purposes of the statute. *Owens*, 2006 WL at *3. If the loan fell under the guidelines of the CPA, it would be in contravention of the statute, and might be held void under Maryland law. *See*, *e.g.*, *Springlake Corp. v. Symmarron Ltd. Partnership*, 569 A.2d 715, 720 (Md. Ct. Spec. App. 1990).

Here, the issue is whether, as a matter of law, the CPA protects Appellee. Although Appellee properly identifies the issue as one of a matter of law, she attempts to argue the issue as if it were one of a matter of fact. For instance, Appellee cites Gheen's admission during discovery that the

loan was a consumer loan. Appellee's Br. at 15. However, the Court believes that the issue is not whether Gheen considered the loan to be a consumer loan, but rather, whether the laws of Maryland classify Owens as a consumer who is protected by the CPA.

Therefore, the Court concurs with the decision below to abstain from nullifying the promissory note. As Judge Mannes noted, the confessed judgment was opened by the Circuit Court for Prince George's County. The record contains a letter from Gheen's attorney stating that he will not attempt to enforce the confessed judgment clause. Further, the record is so poor that the Court has had a difficult time deciphering whether the CPA might apply to Appellee. Finally, the factual determination by the Bankruptcy Court, which has been upheld here, rewarded Gheen only $1,100, a debt which Owens acknowledged she owed to Gheen regardless of the promissory note. Accordingly, since no material dispute within the present litigation would be resolved by delving into whether the statute applies to this transaction, the Court will DENY Appellee's cross-appeal.

## CONCLUSION

For the reasons stated above, the Court will AFFIRM the findings and decisions entered by Judge Paul Mannes of the Bankruptcy Court [3], and the Court will DENY the relief requested in Appellee's cross-appeal [4]. An Order consistent with this Opinion shall follow.

July 23, 2007  
Date

/s/  
Alexander Williams, Jr.  
United States District Court